# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Gary Spector, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | COMPLAINT |
| Van Ru Credit Corp; and DOES 1-10, inclusive, | |
| Defendant. | |

For this Complaint, the Plaintiff, Gary Spector, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  Plaintiff, Gary Spector ("Plaintiff"), is an adult individual residing in Colorado Springs, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Van Ru Credit Corp ("Van"), is an Illinois business entity with an address of 1350 E. Touhy Ave., Ste. 300 E, Des Plaines, IL 60018, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Van and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Van at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Van for collection, or Van was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Van Engages in Harassment and Abusive Tactics

### FACTS

12. On or about February 2004, the Defendants made an arrangement with the Plaintiff to turn over his tax refunds to pay the debt.

13. The Defendants took the Plaintiff's tax refunds for six years without any problems.

14. On or about the end of June, 2010, the Defendants began calling the Plaintiff and

badgering him about paying the debt. The Plaintiff did not receive a validation letter or any written communications from the Defendants; they just began calling him and pushing him to pay the debt.

15. The Defendants screamed at the Plaintiff and used very rude and abusive language when speaking to the Plaintiff.

16. The Defendants would leave voice recordings stating that they were from the "Department of Education", never indicating that they were attempting to collect on a debt.

17. The Defendants never identified themselves as a debt collector when calling the Plaintiff.

18. The Defendants threaten to garnish the Plaintiff's wages; however, to date, no writ of garnishment has been executed.

19. The Defendants threatened to file a lawsuit against the Plaintiff; however, to date, there have been no legal suits filed against the Plaintiff.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

3

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(1) in that Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

37.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

38.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

39.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated.

40.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
## Colo. Rev. Stat. § 12-14-101, et seq.

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

44. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

45. The Defendants communicated with the Plaintiff in connection with the collection of a debt at an unusual time, place, or manner which they knew or should have known to be inconvenient to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-105(1)(a).

46. In its initial written communication to the Plaintiff the Defendants failed to direct the Plaintiff to the Colorado Fair Debt Collection Practices Act, in violation of Colo. Rev. Stat. § 12-14-105(3)(c).

47. The Defendants engaged in a conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1).

48. The Defendants used obscene or profane language or language the natural consequence of which was to abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1)(b).

49. The Defendants placed telephone calls without meaningful disclosure of their identity within sixty seconds after an initial call to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(f).

50. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

51. The Defendants falsely represented or implied that the Defendants were vouched for, bonded by, or affiliated with the United States government or any state government, including the use of any misleading name, badge, uniform, or facsimile thereof, in violation of

Colo. Rev. Stat. § 12-14-107(1)(a).

52. The Defendants threatened to take action that could not legally be taken or that was not intended to be taken, in violation of Colo. Rev. Stat. § 12-14-107(1)(e).

53. The Defendants used false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-107(1)(k).

54. The Defendants used a business, company, or organization name other than their own, in violation of Colo. Rev. Stat. § 12-14-107(1)(o).

55. The Defendants used unfair or unconscionable means to collect or attempted to collect a debt, in violation of Colo. Rev. Stat. § 12-14-108(1).

56. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the amount of the debt, in violation of Colo. Rev. Stat. § 12-14-109(1)(a).

57. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the name of the creditor to whom the debt was owed, in violation of Colo. Rev. Stat. § 12-14-109(1)(b).

58. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(c).

59. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that if the Plaintiff notified the Defendants in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the

Defendants would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(d).

60. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that upon the Plaintiff's written request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Colo. Rev. Stat. § 12-14-109(1)(e).

61. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

62. The Plaintiff is entitled to damages as a result of Defendant's violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

8

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 5, 2010

Respectfully submitted,

By __/s/ Dianne Zarlengo_____

Dianne Zarlengo, Esq.
Bar Number: 31385
2800 So. University Blvd., Ste. 66
Denver, Colorado 80210
(303) 748-3513
dzlegal@gmail.com
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666


Plaintiff:
Gary Spector
3705 E. San Miguel St
Colorado Springs, Colorado  80909